Submitted June 29, affirmed December 29, 2010, petition for review denied April 21, 2011 (350 Or 241)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KAREN MARIE BAKER,
*Defendant-Appellant.*

Lane County Circuit Court
200821481B, 200819651B,
200826136, 200825863A;
A141165 (Control), A141166,
A141167, A141168

246 P3d 81

Peter Gartlan, Chief Defender, Appellate Division, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael R. Washington, Sr., Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

**PER CURIAM**

In four separate cases, defendant pleaded guilty to four counts of unauthorized use of a vehicle and two counts of identity theft. In each of the cases, the trial court ordered that defendant not be considered for any sentence modification programs that would reduce her sentence. In this consolidated appeal, defendant argues that the trial court's decision to deny sentence modification programs was not based on substantial and compelling reasons, as required by ORS 137.750(1). We affirm.

Defendant's sole argument on appeal is that the trial court's denial of eligibility for programs was "based explicitly on defendant's prior criminal history," and that, because her criminal history has already been taken into account in calculating her sentence, it does not furnish a substantial and compelling reason to deny sentence modification programs.

We disagree with defendant's characterization of the basis for the trial court's decision. Although it is clear that the court relied on defendant's criminal history, it was not the *sole* basis for its decision. In a colloquy with the court before it announced the sentence, defendant admitted that she has a history of drug dependence and continued to use drugs. In stating its decision, the court found that defendant is a drug dependent person, that prior attempts at rehabilitation had not been effective for her, and that she presents a high risk of engaging in future criminal activity. Defendant does not challenge those findings as insufficiently substantial and compelling. Although we express no opinion as to whether they are sufficient, defendant's failure to challenge them is fatal to her appeal. Accordingly, we need not address whether defendant's criminal history furnished a substantial and compelling reason to deny eligibility for sentence modification programs.

Affirmed.